# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATTIE DEDLOFF, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:22-CV-00868 JAR ) |
| TARGET CORPORATION, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 9). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff originally filed this putative class action in the Circuit Court of St. Charles County, Missouri, arising from the purchase of over-the-counter cough and flu medication marketed and sold by Defendant Target Corporation. Plaintiff alleges Target has misrepresented its cough and flu medications and misled consumers by marketing them as "non-drowsy" when in fact they contain dextromethorphan hydrobromide ("DXM"), a substance scientifically proven to cause drowsiness. Plaintiff brings claims for breach of warranty (Count I); implied contract (Count II); unjust enrichment (Count III); and violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 400.010, et seq. (Count IV). (Doc. No. 4). In her petition, Plaintiff requests compensatory damages, restitution, attorneys' fees, and injunctive relief on behalf of a purported class of "thousands" of Missouri citizens who purchased the products at issue over a five-year period in Missouri. Plaintiff also included the following stipulation:

1

> Although aggregate damages derived from a percentage of the Product will not exceed five million dollars ($5,000,000.00), nonetheless **PLAINTIFF, ON BEHALF OF HERSELF AND THE PURPORTED CLASS, HEREBY DISCLAIMS AND/OR ABANDONS ANY AND ALL RECOVERY EXCEEDING FIVE MILLION DOLLARS ($5,000,000.00).** **Plaintiff and her counsel further stipulate as set forth in Exhibit A, hereto.**

The attached Exhibit A further stated:

> Plaintiff, Kattie Dedloff, individually through counsel, and Plaintiff's counsel, Daniel Harvath, as counsel in this lawsuit ("Action"), hereby jointly stipulate and affirm the following:
>
> - Plaintiffs will not recover, and completely disclaim recovery of, any combination of damages
> and/or attorneys' fees related to this Action meeting or exceeding $5,000,000.00;
>
> - If Plaintiff, Kattie Dedloff, is replaced as named representative in this Action, Plaintiffs' counsel stipulates and affirms and covenants that any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery;
>
> - Plaintiff and counsel intend for this Stipulation to continue to apply to, and bind, any other class members bringing any claim in this specific Action.

Target timely removed the case to this Court based on diversity jurisdiction (Doc. No. 1), and moved to dismiss the case (Doc. No. 6)[1].

Plaintiff filed a motion to remand the case (Doc. No. 9), asserting that her stipulation to not recover more than $5 million makes it "legally impossible" for the amount in controversy to exceed $5 million such that the Court lacks jurisdiction under CAFA. Target opposes remand, arguing *inter alia*, that Plaintiff's "stipulation" has no effect because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified and citing Standard Fire Ins. Co. v. Knowles, 568 U.S. 588 (2013). Plaintiff replies that even though the proposed class is not legally bound before certification, her stipulation guarantees that any future

---

[1] The parties have stipulated to staying the deadline for Plaintiff to respond to Defendant's motion to dismiss until thirty days after the Court rules on the pending motion to remand. (Doc. Nos. 13, 14).

class will be bound upon certification, or such certification cannot occur. Plaintiff further argues the action does not satisfy the requisite amount in controversy.

**Legal standard**

Any action brought in state court over which the United States district courts have original jurisdiction may be removed to the district court in the jurisdiction where the action is pending. 28 U.S.C. § 1441(a). CAFA grants federal district courts original jurisdiction over class action lawsuits where, among other requirements, the amount in controversy exceeds $5 million. 28 U.S.C § 1332(d)(2)).

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Dammann v. Progressive Direct Ins. Co., 856 F.3d 580, 583 (8th Cir. 2017). "Under the preponderance standard, the jurisdictional fact is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." Bell v. Hershey Co., 557 F.3d 953, 959 (8th Cir. 2009) (internal quotation omitted). To establish the requisite amount in controversy, Defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). This includes "affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard." Faltermeier v. FCA US LLC, 4:15-cv-00491-DGK, 2016 WL 10879705, at *2 (W.D. Mo. May 26, 2016), *aff'd*, 899 F.3d 617 (8th Cir. 2018). If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell, 557 F.3d at 956.

Federal courts ordinarily "resolve all doubts about federal jurisdiction in favor of remand" and strictly construe removal statutes, see Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968

(8th Cir. 2007) (quoting <u>Transit Cas. Co. v. Certain Underwriters at Lloyd's of London</u>, 119 F.3d 619, 625 (8th Cir. 1997)), but "no antiremoval presumption attends cases invoking CAFA," because the purpose of the statute was to expand federal jurisdiction for certain class actions. <u>Dart Cherokee</u>, 574 U.S. at 89 (citing <u>Standard Fire</u>, 568 U.S. at 595 (2013); S. Rep. No. 109–14, at 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")).

**Discussion**

In support of remand, Plaintiff relies on <u>Rolwing v. Nestle Holdings, Inc.</u>, 666 F.3d 1069, 1072 (8th Cir. 2012), which held that a damages stipulation could preclude removal under CAFA, to argue that her in-petition stipulation disclaiming – on behalf of herself and the purported class – any damages exceeding $5 million prevents removal. (Doc. No. 9 at 1-2). Two courts in this District recently rejected this exact argument based on the Supreme Court's decision in <u>Standard Fire Ins. Co. v. Knowles</u>, 568 U.S. 588, 596 (2013), abrogating <u>Rolwing</u> and holding that a pre-certification damages stipulation "can tie [a plaintiff's own] hands, but it does not resolve the amount-in-controversy question" for purposes of determining whether CAFA jurisdiction exists. <u>See</u> <u>Muller v. Blue Diamond Growers</u>, No. 4:22 CV 707 RWS, 2022 WL 4119947, at *2 (E.D. Mo. Sept. 9, 2022) and <u>Fischer v. Vital Pharms., Inc.</u>, No. 4:22-CV-136 MTS, 2022 WL 1185153, at *1 (E.D. Mo. Apr. 21, 2022). This Court likewise concludes that Plaintiff's reliance on <u>Rolwing</u> is misplaced as it is no longer good law.

In any event, Plaintiff contends that her *full* stipulation binding "any and all potential class representatives for this Action" addresses the concerns in <u>Standard Fire</u> about the contingent quality of a pre-certification stipulation. (Doc. No. 9 at 2-3). Again, this Court has found this attempted work-around of <u>Standard Fire</u> unavailing. "The effect of the stipulation is the same,

4

regardless of whether it is [Plaintiff] herself or her counsel – speaking on behalf of any future class representative – promising to limit recovery for the entire class. It is still an effort to 'legally bind members of the proposed class before the class is certified,' in direct contravention of Supreme Court precedent." Muller, 2022 WL 4119947, at *2 (citing Standard Fire, 568 U.S. at 593). This Court agrees.

Lastly, Plaintiff argues that Target has not met its burden to show the amount in controversy exceeds $5 million. (Doc. No. 9 at 3-4). Target has submitted an affidavit from Tinzing Artmann, its Lead Litigation Paralegal. (Doc. No. 15-1). Artmann asserts that based on his review of sales data for all Target branded products containing DMH and labeled "non-drowsy," the total Missouri sales for the products at issue exceed $1 million. (Id. at ¶¶ 2-3). Target concedes that this alone does not justify removal but argues that potential attorneys' fees must also be considered in the amount-in-controversy calculation. "A class action MMPA case involves some measure of 'risk and complexity' that often generates considerable fees." Muller, 2022 WL 4119947, at *3 (quoting Waters v. Home Depot USA, Inc., 446 F. Supp.3d 484, 492-93 (E.D. Mo. 2020)); see also Faltermeier, 899 F.3d at 622 (concluding it is "more likely than not that attorneys' fees" would be large "considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charged."). Plaintiff does not respond to Target's argument regarding attorneys' fees.

Likewise, the value of injunctive relief must also be considered. Target notes that Plaintiff's injunctive relief requests a relabeling campaign as well as a nationwide product recall, which alone would far exceed the $5 million jurisdictional minimum. (Artmann Aff. at ¶ 4). Plaintiff argues that Target fails to provide any evidence showing that *Missouri*-based injunctive relief could exceed the $5 million minimum but does not elaborate on this argument in her reply brief.

5

When considering total sales together with Plaintiff's request for attorney's fees and injunctive relief, the Court finds Target has carried its burden to show that CAFA's amount in controversy is met. Fischer, 2022 WL 1185153, at *2 (citing Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (determining amount in controversy based "not [on] whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are"). Thus, the case belongs in federal court unless Plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. Bell, 557 F.3d at 956. Plaintiff does not offer any of her own specific estimates as to the amount in controversy in this case. Even if it is "highly improbable" that Plaintiff will recover more than $5 million, the legally impossible standard has not been met. Fischer, 2022 WL 1185153, at *3.

**Conclusion**

Because Target has shown by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional minimum, the Court denies Plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [9] is **DENIED.**

**IT IS FURTHER ORDERED** pursuant to the parties' joint stipulation that **no later than Friday, November 4, 2022**, Plaintiff shall file her response to Defendant's pending Motion to Dismiss.

Dated this 6th day of October, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**